IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles S. Willis | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 6:18-cv-2018-TMC |
| v. | ) |
| | ) **ORDER** |
| Director of Cherokee County Detention Center, | ) |
| | ) |
| Respondent. | ) |

Petitioner is a state prisoner who seeks relief under 28 U.S.C. § 2241. Petitioner, proceeding *pro se* and *in forma pauperis*, filed this Petition for writ of habeas corpus on July 23, 2018. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Respondent's case be dismissed without prejudice because "abstention is appropriate here, and the petitioner may not seek federal habeas relief during the pendency of his state criminal proceedings." (ECF No. 11 at 4). Petitioner was advised of his right to object to the Report. *Id.* at 5. However, Petitioner filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the

1

recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 11), which is incorporated herein by reference. Additionally, the undersigned agrees with the magistrate judge that allowing Petitioner to amend the Petition would be futile because "the *Younger*[1] abstention doctrine precludes this court from intervening in the petitioner's state criminal proceedings." *Id.* at 4. Accordingly, this case is **DISMISSED without prejudice** and without requiring Respondent to file a return.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

August 24, 2018  
Anderson, South Carolina

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).